IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALEXIS DOBIE, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 5:20-cv-83

**GS GROUP FAIR OAKS, LLC,**     **DEFENDANTS**
**and GARY SKINNER**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Alexis Dobie ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants GS Group Fair Oaks, LLC, and Gary Skinner (collectively "Defendants"), she does hereby state and allege as follows:

### I. INTRODUCTION

1. This is a collective action bought by Plaintiff, individually and on behalf of other tipped managers employed by Defendants at any time within a three-year period preceding the filing hereof.

2. Plaintiff, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

3. Plaintiff and other tipped managers spent more than 20% of their time performing non-tipped duties for Defendant such as attending meetings with vendors, attending meetings with other management, setting bartender schedules and other non-tipped duties. Because Plaintiff and other tipped managers spent more than 20% of their time performing non-tipped duties for Defendants, Defendants were required to pay Plaintiff and its other tipped managers at least $7.25 per hour for their non-tipped work.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a citizen and resident of Bexar County.

13. Plaintiff worked for Defendants as a tipped manager from November of 2019 through January 2, 2020.

14. At all times material hereto, Plaintiff has been entitled to the rights,

protection and benefits provided under the FLSA.

15.     Defendant GS Group Fair Oaks, LLC ("Group Fair Oaks") is a domestic limited liability company that owns and operates two restaurants in the Boerne and San Antonio areas, operating under the names "Conroy's Irish Pub & Grill" and "Conroy's Bar & Grill" respectively.[1]

16.     Defendant Group Fair Oaks' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.     During each of the three years preceding the filing of this Complaint, Defendant Group Fair Oaks employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18.     Defendant Group Fair Oaks' registered agent for service of process is Katherine Tschirhart, at 4331 Shavano Woods Street, San Antonio, Texas 78249.

19.     Upon information and belief, Defendant Gary Skinner is an individual and resident of Bexar County.

20.     Defendant Gary Skinner is the managing member of Defendant Group Fair Oaks.

21.     Defendant Gary Skinner supervised employees of Group Fair Oaks including Plaintiff, and made decisions regarding their rates of pay and hours worked.

---

[1] See https://www.conroysusa.com/, last visited Jan. 21, 2020.

22. Defendants were Plaintiff's employers and the employers of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

### IV.  FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. Plaintiff was employed by Defendant as a tipped manager at Conroy's Irish Pub & Grill ("Conroy's") during the time period relevant to this lawsuit.

22. As a tipped manager, Plaintiff spent most of her scheduled shifts working as a bartender, but as a manager was also required to meet with vendors before and after her shift, set employee schedules, and meet with her supervisors at the other Conroy's location.

23. Defendant pays its tipped managers less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

24. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

25. As tipped employees, Plaintiff and other tipped managers performed both duties that generated tips, such as serving drinks ("tipped work"), and duties that did not generate tips, such as attending meetings and setting schedules ("non-tipped work").

26. Plaintiff and other tipped managers were not paid for the time they spent performing non-tipped work.

27. Plaintiff and other tipped managers were instructed to not record the hours

they spent in meetings and setting schedules. Plaintiff and other tipped managers were only allowed to record the hours they spent performing tipped work.

28. Thus, Plaintiff and other tipped managers were only paid for the time they spent actually bartending, despite the fact that they regularly spent six to ten hours per week performing non-tipped work.

29. Non-tipped duties occupy more than twenty percent of Plaintiff's time and the time of other tipped managers.

30. As a result of the policies put in place by Defendants, Plaintiff and other tipped managers were often required to perform non-tipped work for less than minimum wage.

31. Plaintiff other tipped managers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

32. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other tipped managers violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

35. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings her FLSA claims on behalf of all tipped managers who were paid tips employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. A lawful minimum wage for all hours worked; and

B. Liquidated damages and attorneys' fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were subject to Defendants' common policy of paying less than minimum wage;

B. They spent more than 20% of their time performing non-tipped duties for Defendants; and

C. They were paid hourly.

40. Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that the group exceeds 15 persons.

41. Defendants can readily identify the members of the Section 16(b) collective, which encompasses all tipped managers.

42. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via text message, first class mail or email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claims, and posting at the facility.

## VI.   FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44. This is a collective action filed on behalf of all tipped managers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid wages because they were required to spend more than 20% of their time on non-tipped duties.

45. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

46. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

47. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

48. At all relevant times, Defendants were "employers" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

49. Defendants failed to pay Plaintiff and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

50. Because these employees are similarly situated to Plaintiff, and are owed

compensation for the same reasons, the proposed collective is properly defined as follows:

**All managers who were tipped employees
at any time within the past three years.**

51. At all relevant times, Defendants willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendants failed to pay Plaintiff and other similarly situated employees for non-tipped work.

52. Defendants' violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

53. Defendants' violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

54. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

57. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

58.     At all relevant times, Defendants were "employers" of Plaintiff as defined by 29 U.S.C. § 203(d).

59.     Defendants failed to pay Plaintiff minimum wage as required under the FLSA for tipped work and for non-tipped work.

60.     At all relevant times, Defendants willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because Defendant failed to pay Plaintiff for non-tipped work.

61.     Defendants' violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

62.     Defendants' violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

63.     Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alexis Dobie, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.     That each Defendant be summoned to appear and answer herein;

B.     That each Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendants' practices alleged herein violate the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

      D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

      E.      Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

      F.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the collective;

      G.      An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

      H.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ALEXIS DOBIE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com