UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALEXIS DOBIE, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; AND
MATTHEW BOUR,

    Plaintiffs,

v.                                                             No. SA-20-CV-00083-JKP-RBF

GS GROUP FAIR OAKS, LLC,
GARY SKINNER, RUN TMJ, LLC,

    Defendants,

**ORDER**

    Before the Court is the parties' *Stipulation of Dismissal* requesting the Court dismiss this Fair Labor Standards Act ("FLSA") lawsuit with prejudice. The parties represent to the Court that the claims and defenses alleged in the litigation indicate that bona fide disputes exist regarding the amount of minimum and overtime wages paid and owed to Plaintiffs, and to what extent Plaintiffs worked more than forty hours in a workweek. The parties further represent that after arms-length negotiations in which the parties were all represented by counsel, Plaintiffs and Defendants have resolved all issues and entered into a Confidential Settlement Agreement and Complete Release of Claims; the Parties believe the Settlement Agreement is a fair, reasonable, and adequate compromise of a bona fide dispute. *See* ECF No. 28.

    The second amended complaint confirms that the parties' dispute concerned the payment of minimum wage for all hours, overtime compensation, and the amount of time spent performing tipped duties versus non-tipped duties. *See* ECF No. 12. These are bona fide factual disputes similar to the alleged unpaid days of work contemplated in *Martin*, which the court

explained would be extremely difficult to calculate and determine with certainty. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012) (adopting the reasoning in *Martinez v. Bohls Bearing Co.*, No. SA:04-CA-0120-XR, 361 F. Supp. 2d 608, 630 (W.D. Tex. Apr. 11, 2005)). Therefore, court review and approval of the settlement in this case is unnecessary as "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Martin*, 688 F.3d at 249.

Accordingly, the Court **GRANTS** the request and hereby **ORDERS** all causes of action filed by any party are dismissed with prejudice. Each party is to bear its own costs and attorney fees. The Court retains jurisdiction to enforce the terms of the Parties' settlement agreement. The Court WITHDRAWS the referral to the Magistrate Judge. The Court **directs the Clerk of Court to close this case.** Any party may move to reopen the case to enforce the terms of the settlement agreement.

It is so ORDERED.

SIGNED this 28th day of September 2020.

*/s/ Jason Pulliam*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE